FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------X

In Re:

RIH ACQUISITIONS NJ, LLC,

    Debtor.
----------------------------------------------------------X

ALFRED T. GIULIANO,
LIQUIDATION TRUSTEE,

    Plaintiff,

v.

ERNST & YOUNG, LLP,

    Defendant.
----------------------------------------------------------X

CHAPTER 11

CASE NO. 13-34483

ADV. PRO. NO. 15-02347

**OPINION**

**APPEARANCES:**

Carol Ann Slocum, Esq.
Christopher J. Leavell, Esq.
Klehr Harrison Harvey Branzburg, LLP
457 Haddonfield Road, Suite 510
Cherry Hill, NJ 08002
*Attorneys for Alfred T. Giuliano, Liquidation Trustee*

Michael J. Riela, Esq.
Vedder Price P.C.
1633 Broadway, 47th Floor
New York, NY 10019
*Attorneys for Ernst & Young, LLP*

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

Before the Court is Ernst & Young, LLP's motion to dismiss (the "Motion") the complaint filed by the liquidating trustee, Alfred T. Giuliano. The Motion argues that the complaint is barred by the doctrines of res judicata and the law of the case. For the reasons set forth below, the Motion is denied.

## BACKGROUND

Alfred T. Giuliano (the "Plaintiff"), the liquidating trustee of RIH Acquisitions, NJ, LLC (the "Debtor"), filed an adversary complaint against Ernst & Young, LLP (the "Defendant"), seeking to avoid and recover allegedly preferential transfers totaling $109,497 and to disallow claims pursuant to 11 U.S.C. § 502(d). The Motion asserts that the complaint is barred by the doctrines of (a) res judicata and (b) the law of the case.

When considering a motion to dismiss under Rule 12(b)(6), the Court may also take into account matters of public record and orders and items appearing in the record of the case. See Rashid v. Kite, 934 F. Supp. 144, 146 (E.D. Pa. 1996). Accordingly, the Court has considered the following background.

Shortly after the petition date, the Debtor filed a motion for retention of non-legal professionals in the ordinary course of business (the "Motion for Retention")[1] which represents that ordinary course professionals were to be treated differently than professionals retained under § 327(a). The Motion for Retention states, in pertinent part:

> RIH Acquisitions customarily retains the services of various non-legal professionals in the ordinary course of its business (the "Non-Legal Ordinary Course Professionals"). The Non-Legal Ordinary Course Professionals provide services to RIH Acquisitions on a variety of matters unrelated to these Chapter 11 cases, including auditing, tax, and certain other consulting services. . . . By this Motion, RIH Acquisitions seeks authorization (i) to retain the Non-Legal Ordinary Course Professionals without the necessity of a

---

[1] Main case (13-34483) at dkt. no. 6.

1

> separate, formal retention application approved by the Court for each Non-Legal Ordinary Course Professional, and (ii) to compensate the Non-Legal Ordinary Course Professionals for post-petition services rendered without the necessity of additional court approval.

Motion for Retention ¶ 7. A footnote at the end of the paragraph noted that separate applications for the retention of estate professionals would be filed at a later time. Id. ¶ 7 n.3. Furthermore, paragraph 15 of the Motion for Retention states that:

> RIH Acquisitions does not believe the Non-Legal Ordinary Course Professionals . . . are "professionals" within the meaning of Section 327. Specifically, it is not anticipated that the Non-Legal Ordinary Course Professionals . . . will be involved in the administration of these cases but, instead, will provide services in connection with RIH Acquisitions' ongoing business operations
> . . . .

Motion for Retention ¶ 15. Therefore, the retention of ordinary course professionals must be distinguished from the retention of professionals employed in connection with § 327(a) of the Bankruptcy Code.

In mid-November 2013, the Court granted the Motion for Retention authorizing the Debtor to retain non-legal professionals utilized in the ordinary course of business (the "OCP Procedures Order").[2] Under the OCP Procedures Order, each proposed ordinary course professional was required to execute a "declaration of disinterestedness", wherein the professional would disclose whether they were creditors of the estate and whether they were otherwise not disinterested. At the hearing on the Motion, the Plaintiff's counsel pointed out, and the Defendant's counsel conceded, that the title "declaration of disinterestedness" was misleading, since the declarant needed to state whether it held an interest materially adverse to the Debtor or the estate, only with respect to the matters upon which the declarant was to be

---

[2] Main case (13-34483) at dkt. no. 83.

2

employed. See Motion for Retention, Exhibit B ¶ 6. The Defendant filed an affidavit (the "Affidavit")[3] in support of its employment as an ordinary course professional, which stated that the Defendant did not hold "any interest materially adverse to the Debtors in the matters for which [the Defendant] is proposed to be retained." Affidavit ¶ 22. The Defendant also disclosed that it was a prepetition creditor of the Debtor and that it had received payments of $146,947 during the preference period. Id. ¶ 24. The Defendant further noted that, as of the petition date, it was owed $52,762 by the Debtor for services provided by the Defendant prior to the petition date. Id. ¶ 25. The OCP Procedures Order gave parties ten days after service of the Affidavit to object to the Defendant's retention. OCP Procedures Order ¶ 2(d). No objections were filed. However, the Defendant's attorney stated at the hearing that the United States Trustee raised an informal objection to the retention, but that the objection was not related to fees received or disinterestedness. In March 2014, the Court entered an order authorizing the retention of the Defendant as a non-legal ordinary course professional (the "Retention Order").[4]

## JURISDICTION

The Court has jurisdiction over this complaint under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(F). Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

---

[3] Main case (13-34483) at dkt. no. 364.

[4] Main case (13-34483) at dkt. no. 398.

## DISCUSSION

A. Res Judicata

The Defendant maintains that because: (a) the Defendant disclosed receiving payments during the preference period in the Affidavit; (b) no party filed an objection to the Defendant's retention; and (c) the Court approved the Defendant's retention, the complaint is now barred by the doctrine of res judicata. The Defendant argues that the Court had to determine that the Defendant was disinterested in order to approve the retention.

For res judicata to apply, the moving party must establish three elements: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Duhaney v. Attorney Gen. of U.S., 621 F.3d 340, 347 (3d Cir. 2010) (citation omitted). The Defendant argues that: (a) the Retention Order was valid, final and on the merits; (b) the parties in this adversary proceeding are identical to or in privity with those involved with the entry of the Retention Order; and (c) the claim in the adversary proceeding arises out of the same transaction or occurrence as the issue of the Defendant's disinterestedness that was addressed by the Retention Order.

The Court disagrees. The Defendant has not met the third element of res judicata. The Defendant was retained as an ordinary course professional, and therefore, the Defendant's interestedness was measured as it related to the purpose for which the Defendant was retained, not with regard to the entire bankruptcy case. The Court did not need to consider disinterestedness under § 327(a) when approving the Defendant's retention as an ordinary course professional because that issue did not have to be decided for retention.

The Defendant cited cases in which courts held that where a professional disclosed the payments it received during the preference period in connection with its retention in the

bankruptcy case, claim preclusion bars a subsequent action to avoid such payments. See In re All American Semiconductor, Inc., 427 B.R. 559 (Bankr. S.D. Fla. 2010); In re James River Coal Co., 2008 WL 764215 (M.D. Tenn. Mar. 21, 2008); In re BCP Mgmt., Inc., 320 B.R. 265 (Bankr. D. Del. 2005). Those cases are distinguishable because the professionals were retained as professionals for the bankruptcy estate in accordance with § 327(a). Under § 327(a), professionals can only be retained if they do not hold or represent an interest adverse to the estate. 11 U.S.C. § 327(a). Therefore, a court authorizing the retention of professionals under § 327(a) must determine that the professional is disinterested—including whether the professional is the recipient of a preferential transfer. See In re Pillowtex, Inc., 304 F.3d 246 (3d Cir. 2002).

In Pillowtex, the Third Circuit held that the bankruptcy court abused its discretion in authorizing the retention of a law firm as counsel for the debtor since the firm received funds from the debtor within ninety days prior to the commencement of the case and therefore may have been the recipient of a preferential transfer. See id. at 255. Here, the Defendant was not retained under § 327(a), but rather, was retained as an ordinary course professional that would not work on the administration of the bankruptcy case. As noted above, the Motion for Retention specifically stated that "Non-Legal Ordinary Course Professionals provide services to RIH Acquisitions on a variety of matters unrelated to these Chapter 11 cases, including auditing tax, and certain other consulting services." Motion for Retention ¶ 7 (emphasis added). The Motion for Retention further noted that "RIH Acquisitions does not believe the Non-Legal Ordinary Course Professionals or Service Providers are 'professionals' within the meaning of 327." Id. ¶ 15. Moreover, the Defendant specified in the Affidavit that it was being retained "to provide tax services as [an] ordinary course professional." Affidavit ¶ 1. The Defendant also

stated that it did not hold "any interest materially adverse to the Debtors <u>in the matters for which [the Defendant] is proposed to be retained.</u>" <u>Affidavit</u> ¶ 22 (emphasis added).

The Defendant relying upon <u>In re First Jersey Securities, Inc.</u>, 180 F.3d 504 (3d Cir. 1999), argued that a preferential transfer would create an actual conflict of interest between the Defendant and the Debtor. On the petition date in <u>First Jersey Securities</u>, the debtor: (a) filed an application under § 327(a) to retain a law firm as counsel; and (b) transferred stock to the firm in payment for certain pre-petition services. <u>Id.</u> at 506. The United States Trustee and the Securities and Exchange Commission ("SEC") objected to the firm's retention on the basis that the firm was not "disinterested" since the transfer of stock was a preferential payment. <u>Id.</u> at 507. The bankruptcy and district courts approved the retention of the firm, holding that the transfer of the stock was not a preferential payment. <u>Id.</u> at 507-08. The SEC appealed to the Third Circuit. <u>Id.</u> at 508. The Third Circuit analyzed whether the stock transfer was a preference, focusing on whether the transfer was made for or on account of an antecedent debt, and whether the payment was made in the ordinary course of business. <u>Id.</u> at 509-14. The Third Circuit concluded that the stock transfer was a preferential transfer, and therefore determined that disqualification of the firm was mandatory. <u>Id.</u> at 514.

<u>First Jersey Securities</u> is distinguishable because here, the Defendant was not retained under § 327(a), and therefore, the scope of the analysis for the Defendant's retention was different from that in <u>First Jersey Securities</u>. Here, whether a preference existed was not an issue considered when the Court approved the Defendant's retention because the Defendant was not retained as an estate professional under § 327(a), but as an ordinary course professional not involved in the administration of the bankruptcy case.

6

The Debtor distinguished treatment of the Defendant as an ordinary course professional from that of the professionals which were hired under § 327(a). For example, in approving the retention of the Debtor's bankruptcy counsel, the Court found that counsel was a "disinterested person" within the meaning of §§ 327 and 101(14) of the Code. Dkt. No. 120 at 2. By contrast, the Defendant's interestedness under § 327 had nothing to do with its ability to be retained as an ordinary course professional. See Retention Order. Therefore, the Retention Order is not related to the issue of disinterestedness under § 327, and the complaint does not grow out of the same transaction or occurrence as the Defendant's retention. Accordingly, the Court finds that res judicata does not apply.

B. Law of the Case

The Defendant argues that the law of the case also requires dismissal of the complaint. The law of the case doctrine provides that "once an issue is decided, it will not be relitigated in the same case, except in unusual circumstances. The purpose of this doctrine is to promote the 'judicial system's interest in finality and in efficient administration.'" Hayman Cash Register Co. v. Sarokin, 669 F.2d 162, 165 (3d Cir. 1982) (quoting Todd & Co., Inc. v. S.E.C., 637 F.2d 154, 156 (3d Cir. 1980)). The Supreme Court has noted that "[u]nlike the more precise requirements of res judicata, law of the case is an amorphous concept. As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618, 103 S. Ct. 1382, 1391 (1983).

The Defendant argues that the Retention Order decided the issue of the Defendant's disinterestedness, and that the law of the case precludes the Plaintiff from re-litigating the question of whether the Defendant received avoidable preferences, which directly bears upon the

7

Defendant's disinterestedness. The Plaintiff argues that no such finding could have been made because the Defendant disclosed, in the Affidavit, that it was not disinterested. The Court agrees with the Plaintiff. In issuing the Retention Order, the Court had no reason, and was not required, to determine that the Defendant was disinterested within the meaning of §§ 101(14) or 327.

Ordinary course professionals are not retained to administer the bankruptcy case (such as professionals retained under § 327(a)), but rather are retained for a specific purpose. See e.g., In re Bannerman Holdings, LLC, 2010 WL 2404313 (Bankr. E.D.N.C. June 10, 2010). In Bannerman Holdings, the court held that it did not need to determine whether the professional was disinterested because the professional was "carrying out tasks that need to be done in the debtor's day-to-day operations, rather than acting in a way that affects the administration of the estate. . . . As a result, § 327 does not apply." Id. at *2-3. As discussed above, the Motion for Retention distinguished ordinary course professionals from professionals retained under § 327. The Defendant was retained to provide tax related services to the Debtor, not to become involved in the administration of the bankruptcy cases. See Affidavit ¶ 1; Motion for Retention ¶¶ 7, 15; Retention Order ¶ 1.

Because the Defendant was retained as an ordinary course professional for a specific purpose unrelated to the administration of the bankruptcy cases, the Defendant's retention was akin to being retained as an attorney under §327(e), not § 327(a). See generally In re Mortgages Ltd., 2008 WL 5024925, at *1 (Bankr. D. Ariz. Aug. 14, 2008). In Mortgages, the court distinguished § 327(a) and (e), noting that adverse interests that would disqualify an attorney from being retained under § 327(a) are distinguishable from adverse interests that would disqualify an attorney from being retained under § 327(e). Under § 327(e), the attorney being retained only needs to be disinterested "with respect to the matter on which such attorney is to be

8

employed." 11 U.S.C. § 327(e). While the Defendant was not retained as an attorney, the Defendant's retention as an ordinary course professional for a specified purpose was similar to retention of special counsel under § 327(e). Therefore, at the time the Defendant was retained, the parties and the Court were under no obligation to address the issue of whether the Defendant was the recipient of a preferential transfer.

Since § 327(a) does not apply, the Defendant's disinterestedness was not a determination that the Court had to make, and the law of the case doctrine does not apply.

## CONCLUSION

Because the Defendant was retained as an ordinary course professional rather than as a professional in accordance with § 327(a), the Defendant's disinterestedness was not at issue before the Court at the time the Defendant was retained. Therefore, whether the Defendant received preferential transfers was not relevant to the Court's determination of approving the Defendant's retention. Thus, the doctrines of res judicata and the law of the case do not preclude the causes of action set forth in the complaint, and the Motion is denied.

Dated: May 24, 2016

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE